### 19594

Carl E. PERRY, Individually and Seashore Enterprises, Inc., Appellants, v. Mary P. GRIFFIN and Elizabeth West Griffin, Respondents

(195 S. E. (2d) 608)

*Messrs. Nettles, Thomy and Floyd,* of Lake City, *for Appellants,*

284

*Messrs. McEachin & McEachin,* of Florence, *for Respondents,*

March 22, 1973.

LEWIS, Justice.

This appeal involves the purely factual issue of whether the testimony shows as a matter of law that the parties entered into a binding lease of certain real estate located at Myrtle Beach, South Carolina. The issue arises under the attempt by appellant in this action to recover rents paid for the property. The trial judge held that the testimony conclusively established such lease and directed a verdict in favor of the respondents-lessors. The lessee has appealed.

The parties entered into a handwritten agreement on February 24, 1965, in which the pertinent contractual provisions were as follows:

"We the undersigned lessors [respondents] and lessee [appellant] herein agree to lease our front row beach property Myrtle Beach, S. C., as per approved plans, subject to our letter of Feb. 5, 1965; and the follwing supplemental conditions only: . . ."

The letter of February 5, 1965, referred to, in, and made a part of, the foregoing agreement of February 24th, was designated in the letter as an *option to lease* the described realty for a thirty (30) year period, and provided for an annual rental of $4,000.00 for the first five (5) year period, increasing thereafter on a graduated basis. When the letter of February 5th was signed, appellant issued a check to respondents in the amount of $500.00, which was held by the attorney for the parties until the agreement of February 24th was executed. On the latter date, the check for $500.00

was returned to appellant and the first annual rental of $4,000.00 was thereafter paid to respondents.

Appellant contends that the agreement between the parties constituted an *option to lease* the described property and not a lease. In any event, it is urged that the nature of the agreement was doubtful and the intent of the parties thereabout was a jury issue.

Further review of the testimony would serve no useful purpose It is undisputed that, after preliminary negotiations, as shown by the letters in evidence, the parties executed the written agreement of February 24th, which represented the final agreement between them. The written agreement of February 24th, incorporating the provisions of the letter of February 5th, clearly constituted a valid, binding lease of the described property, and the trial judge properly so held. In fact, appellant testified that, after the agreement of February 24th, he considered that he "had a *bona fide* lease."

Apparently, appellant now contends that the parties intended to reduce their final handwritten agreement of February 24th to a typewritten form properly probated, so that the instrument could be recorded; and that, since this was not done, there was no binding lease of the property. Assuming that there was an agreement to subsequently execute a more formal document, there is no contention that it should have contained any different terms from those admittedly finalized on February 24th and no evidence that respondents have refused to execute a recordable instrument. The validity of the handwritten lease was not affected by the failure to reduce it to a form for recording.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.